## BERRY MOORE v. THE STATE.

### No. 3555.   Decided May 15, 1907.

**1.—Arson—Evidence—Fabrication—Tracks.**

.Upon trial for arson, there was no error in admitting the testimony of the prosecutor to the effect that the defendant's shoes had been changed from the condition in which they were in when first seen on defendant after his arrest so that they would make a different track on the ground, to suggest that defendant had made the change to fabricate testimony while the shoes were in his possession; it having been sufficiently shown that such change was not made during the interim when they .were out of defendant's possession.

**2.—Same—Evidence—Exhibition of Defendant's Shoes—Foot-Prints.**

On a trial for arson, there was no error in permitting the shoes of defendant to be shown to the jury and exhibiting certain peculiarities on the same to the jury, in connection with the impressions of foot-prints found on the ground near the scene of the alleged arson.

**3.—Same—Opinion of Witness—Motive.**

Upon trial for arson it was not permissible to prove by prosecutor that he did not know of any one who had anything against him.

**4.—Same—Evidence—Motive—Opportunity—Tracks—Charge Refused.**

Upon trial for arson, where there was evidence that the defendant bore ill will against the prosecutor whose barn was burned; that he had opportunity to commit the offense; that the tracks found on the ground corresponded in size in a general way with those of defendant; that there existed certain peculiarities of the shoes worn by defendant which corresponded with the tracks made at or near the scene of the alleged arson, and that they were traced back and forth to his residence, the court correctly refused the requested instruction to acquit defendant because the evidence was insufficient.

**5.—Same—Limiting Evidence—Original Testimony—Fabrication.**

Where upon trial for arson, the testimony of the State tended to show that the defendant had changed his shoes by cutting and smoothing them, the same was original testimony against defendant, and there was no error in not limiting said testimony to the effect that if defendant had not made such changes to disregard the evidence.

**6.—Same—Charge of Court—Burning—Scorching—Presumption of Intent.**

Where upon trial for arson, there was a conflict in the testimony as to whether the alleged building was burned or merely smoked and scorched, it was error to assume in the court's charge that the house was actually burned and that the intent to destroy was presumed.

Appeal from the District Court of Falls.   Tried below before the Hon. Sam R. Scott.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Rice & Bartlett,* for appellant.—On question of admitting evidence of the change in defendant's shoes: 1 Jones on Evidence, sec. 16; Wharton's Crim. Ev., sec. 741; May v. State, 15 Texas Crim. App., 430; Davidson v. State, 22 Texas Crim. App., 372; Moody v. State, 24 Texas Crim. App., 458.   On question of charge of the court in assuming that building was burned: Woolsey v. State, 30 Texas

Crim. App., 346. On question of introducing shoes and tracks in evidence: Grant v. State, 58 S. W. Rep., 1025; Mosely v. State, 67 S. W. Rep., 103; Porch v. State, 99 S. W. Rep., 106.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of arson, and his punishment assessed at five years confinement in the penitentiary; and prosecutes this appeal.

This is a case depending wholly on circumstantial evidence, the theory of the State being that appellant became offended at the prosecutor, J. E. Tomlinson, a day or two before the alleged arson, because prosecutor had requested appellant not to come on his place any more. Besides this motive, the other proof on the part of the State consisted mainly of tracks which were testified to by some of the witnesses for the State as in size and certain peculiarities resembling those shown to have been made by shoes worn by appellant. Appellant met this with proof of want of similarity between the tracks shown to have been made at and near the burning and shoes worn by him. This is a sufficient statement of the case to discuss the assignments.

Appellant objected to the action of the court with regard to the testimony of J. E. Tomlinson and Deputy Sheriff Steen, as shown by his first bill of exceptions. It was shown that appellant was arrested at his home on the evening of the next day after the alleged burning of the Tomlinson barn, and that defendant was at the time wearing a pair of heelless shoes, and among other peculiarities the heel of the left shoe was rough and would make a much rougher track than the right heel. Appellant was brought to jail on the same evening of his arrest with said shoes on. The jailor stated to him that he wanted his shoes in the morning, and on the next morning the jailor took appellant's shoes, giving him another pair of shoes, and delivered them to the county attorney. The jailor testified that he did not notice any change in the shoes from their condition when he saw them the evening before, but did not examine the shoes for a change. Tomlinson testified before the court and jury that he saw said shoes two days after defendant was arrested in the county attorney's office, and that there had been a change made in them, in that they had been trimmed a little and smoothed on the left heel. Steen testified to the same effect, and that the change would cause the shoes to make a difference in the track on the ground; that the shoes which the defendant had on before they were cut would make a rougher track than after they were smoothed; that the cut they saw on appellant's shoes was a fresh cut. It is shown in this connection that there were a good many people about the courthouse at the time the shoes were in the justice court and county attorney's office, and that the witnesses could not say whether others had handled the shoes or not. Appellant objected to all the testimony relative to the change in said shoes by said witnesses, on the

ground that it was not shown that same were changed while in defendant's possession, or that defendant had anything to do with the cutting of said shoes or changing the same. The court overruled the objections, and permitted the testimony. In our opinion this testimony was admissible. It is possible there may have been some opportunity for others to change or cut said shoes, but it occurs to us the custody of the shoes was sufficiently accounted for during the interim to have admitted the testimony in regard to the change, and suggesting that appellant must have fabricated this testimony while the shoes were in his possession and before they were delivered to the county attorney. We do not believe there is anything in appellant's objection that the shoes of appellant were permitted to be shown to the jury and certain peculiarities on same were exhibited to them, such as the tacks and strings, and a description given to the jury of these in connection with the impressions found on the ground near the scene of the alleged arson. We do not believe, it was permissible for the State to prove by prosecutor that he did not know of any one who had anything against him.

We do not believe the court was called on to give appellant's special requested instruction to the effect that there being no other evidence in the case than tracks the jury should acquit appellant. There was other evidence in the case, including appellant's motive as testified to by witnesses, and his opportunity to have committed the offense. The tracks found on the ground and as testified to by witnesses for the State corresponded in size and measurement in a general way with appellant's tracks, or the shoes worn by him at the time, and certain peculiarities were shown on the shoes of appellant which correspond to tracks made at and near the scene of the alleged arson. Besides this, these tracks were traced from the scene of the alleged arson to appellant's residence, both going to and from same. The court correctly refused to give appellant's requested instructions. Nor was the court required in his charge to limit the evidence with regard to the smoothing or cutting with a knife of one of the shoes of appellant, as shown by the evidence to have been done after the arrest, and tending to show it must have been done by appellant while he had the shoes in his possession at the jail. This was a circumstance constituting original testimony of fabrication against appellant which the jury could consider in connection with all the facts and circumstances in the case against him. We do not believe the court was called on to tell the jury that unless they believed the defendant had made the change to disregard the evidence. Of course, it was a question for them whether or not they believed appellant had made the change. The testimony of the State tended to show that he had. His testimony flatly contradicted this. If the jury believed his statement they would not regard the fabrication of the testimony as a circumstance against him, whereas if they believed the State's theory they might consider it. At any rate, it was not necessary to give a special charge on the subject.

Appellant complains at the following charge of the court: "When fire is communicated to a house by the means of the burning of some combustible matter, it shall be presumed that the intent was to destroy the house actually burnt, provided there was any apparent danger of such destruction." This charge was objected to because, as claimed, it assumed that the building was in fact burned when the evidence is conflicting as to whether said building was merely smoked and scorched, and second, because a criminal intent is never presumed but must be proved as any other fact. According to the testimony there was an issue made as to whether the building was in fact burned, the testimony of the State's witnesses tending to show that it was not merely scorched and smoked, but that some of the planks on the outside were charred, indicating that same were actually burned, whereas there was testimony on the part of appellant tending to show that the planks in question were merely scorched and smoked, and that there was no actual burning; that this was caused by firing the combustible material on the outside of the house, and that from this the building was smoked and scorched. In view of this evidence it would seem that the charge in question assumed that the house was actually burned. Furthermore, appellant claims that the court should have instructed the jury on this very issue. and that he raised this question in the motion for a new trial; that is, there being a controversy on the proof as to whether the building was merely smoked and scorched and not burned, that the court should have submitted to the jury a charge on this subject. In support of this contention appellant refers us to the case of Woolsey v. State, 30 Texas Crim. App., 346. That case is very much in point, and it would seem that the facts requiring a charge on the subject are even stronger in this case than was presented in said case, and in our view the court should have instructed on this subject.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*